## No. 4210

### Second Circuit

---

### PAUL v. BRADY

---

(February 16, 1932. Opinion and Decree.)

---

Polk & Robinson, of Alexandria, attorneys for plaintiff, appellant.

Overton & Hunter, of Alexandria, attorneys for defendant, appellee.

DREW, J. This suit arises out of an automobile accident which happened about six miles south of Alexandria on the Jefferson highway about 5:30 o'clock in the afternoon of September 13, 1930. Plaintiff alleged that he proceeded south on said highway until he arrived at the "Tom Wells Place," where he intended making a visit. That it was necessary for him to leave the right side of the road and entirely cross the road in order to enter the Tom Wells place, which was situated on his left of the road. That upon reaching a point directly opposite the place where it was necessary for him to cross the road, he stopped his car, held out his hand, and carefully observed if anyone was coming from the rear or the front. That about the time he stopped a large sedan passed, going south, and a truck to his rear stopped. He then put his car in low gear and turned to his left across the road, and had nearly completed the crossing, when he was run into by defendant's car. That his car was totally demolished, and that its value was $175, for which he sued. The acts of negligence he charges to defendant are as follows:

1. That defendant was driving at an excessive, careless and reckless rate of speed;

2. That he was driving out of the regular lane of traffic, with the right wheel of his car off the pavement and well onto the dirt shoulder of the road;

3. That he gave no signal or sound of approach;

4. That he was not keeping a proper lookout.

Defendant denied the acts of negligence charged to him and alleged that plaintiff deliberately cut in front of him when he was within twenty to twenty-five feet of him and too late for defendant to prevent the collision; and that the act of negligence by plaintiff was the proximate and sole cause of the collision. In the alternative he pleaded that the contributory negligence of plaintiff, as above alleged, was sufficient to bar his recovery. In reconvention, he reiterates defendant's acts of negligence and prays for the sum of $1,384.50 damages to himself and his car.

The lower court rejected both the demands of plaintiff and of defendant in reconvention. From that judgment, plaintiff appealed and defendant answered the appeal praying that he have judgment on his reconventional demand.

The preponderance of evidence, we think, discloses the following facts:

Plaintiff and his wife, in a model "T" Ford, were driving south on Jefferson highway, and upon arriving at the Tom Wells place, about six miles south of Alexandria and at a point directly opposite a cattle gap which was used as an entrance to the Tom Wells place, plaintiff stopped his car on the right-hand side of the road and held out his hand. At about that time a large sedan passed, going south, and at the same time there was a truck about 100 yards behind plaintiff, coming in the same direction. Plaintiff and his wife, realizing that they had to cross to the left of the road in order to enter the Tom Wells place, were making sure the oncoming truck was not going to try and pass them. Immediately after plaintiff stopped his car and the large sedan had passed, the truck stopped and plaintiff turned across the road to enter the Tom Wells place. When he had nearly completed the crossing—that is, his front wheels were off the pavement and the back wheels of the car were about two feet from being off, defendant's car, going north, ran into plaintiff's car, knocked or pushed it about forty feet, completely demolishing it.

In making the crossing, the speed of plaintiff's car was from five to ten miles per hour and the width of the road was not in excess of twenty feet. To the north of this place, there is a curve in the road and to the south, the road is practically straight for 300 yards. Plaintiff's wife, who was on the right side and the one next to the oncoming car, did not see defendant's car until almost the moment of the collision, due to the fact that she was looking behind, or to the north, and only turned around at the moment of the accident. Plaintiff did not see defendant's car until it was within a few yards of him. According to his testimony, he did not see defendant's car until his, plaintiff's car's, front wheels were off the pavement, and that he would have had to travel only about five feet to have been in the clear. It is true that he testified that at the time defendant's car was sixty yards away and that his (plaintiff's car's) right wheels had just left the pavement. The fact is that defendant's car left the pavement about twenty to twenty-five feet before striking

plaintiff's car, which corroborates plaintiff's testimony as to where he was when he first saw defendant's car in every way except the distance he places defendant's car, which is an impossible story and due, no doubt, to the excitement plaintiff was under at the time and which may have caused him to misjudge the distance. It is easy to see that plaintiff did misjudge the distance if we take the remainder of his testimony, that is, that the right wheel of defendant's car had just left the pavement and that he (plaintiff) had only five feet more to travel to be in the clear. The minimum speed fixed for plaintiff's car was five miles per hour and, if defendant made sixty yards before plaintiff could make five feet, it would be necessary for defendant to have been traveling more than thirty times as fast as plaintiff was traveling, which would be more than 150 miles per hour—an impossible feat for a Nash sedan, such as defendant's car was. However, if defendant was traveling thirty-five miles per hour, which we find to be a fact from the evidence, he would have had to travel seven times as fast as plaintiff, which would have placed him at the time first seen by plaintiff, at a distance of thirty-five feet from him. If plaintiff was traveling seven miles per hour, which is a fair average of the testimony as to his speed, then defendant would have been within twenty-five feet of him when first discovered by plaintiff. Placing the speed of plaintiff's car at seven miles per hour and defendant's speed at thirty-five miles per hour, which we find approximately correct, and figuring the distance traveled by plaintiff from the time he began his turn across the road, we find that at that time defendant was thirty or thirty-five yards away. There was a stretch of straight road, with nothing to obstruct the view of either plaintiff or defendant for a distance of 300 yards. Plaintiff should have seen the oncoming car of defendant and not attempted to make the turn until it had passed.

On the other hand, we find that defendant did not see plaintiff's car until about the same time that plaintiff saw his car, as he testified that he saw plaintiff had turned in front of him when he was within twenty or twenty-five feet and too late to prevent the accident. That immediately on seeing plaintiff had turned, defendant pulled to the right and off the pavement, intending to take the ditch, when he discovered the cattle gap and attempted to pull back onto the pavement. That he did not have time to put on his brakes and, in fact, did not have time to do anything. Defendant's wife, who was on the front seat with him, said she only had time to exclaim, "Oh, my God!" and plaintiff's wife, on the front seat with him, only had time to say, "Oh, God!"

It is plain from our finding of facts that neither the plaintiff nor the defendant were keeping a proper lookout and both were guilty of negligence in that respect; and that the negligence of both was continuous up to the very moment of the accident. If either of them had been keeping a proper lookout, the accident could have been avoided. Plaintiff would not have attempted to cross the road if he had seen defendant's car, which he could have seen and should have seen. If defendant had been keeping the proper lookout, he would have seen the plaintiff when he started to make the turn, and at the rate of speed he was traveling, could have stopped his car. The negligence of plaintiff is a bar to his recovery and the negligence of defendant is likewise a bar to his recovery. The district judge so held, and we fully agree with his decision. It is therefore affirmed, cost of appeal to be paid by appellant.

CULPEPPER, J., recused.